**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACQUE FARNSWORTH, | ) |
| Plaintiff, | ) **CIVIL ACTION** |
| v. | ) No. 08-1150-MLB |
| CITY OF MULVANE, KANSAS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Jacque Farnsworth's motion for attorney's fees and costs. (Doc. 40). The motion has been fully briefed and is ripe for decision. (Docs. 41, 42). On February 1, 2010, the court held a hearing on the issue of attorney's fees. For the reasons discussed herein, plaintiff's motion is granted in part and denied in part.

**I.    PROCEDURAL HISTORY**[1]

On September 1, 2009, this case was tried before the court. The court found that defendant's policy and actions violated plaintiff's First Amendment rights. The court further found that plaintiff did not prove any compensatory damages and entered judgment against defendant for nominal damages of $1.00. (Doc. 37).

Plaintiff requested an award of attorney fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. The court found that plaintiff was entitled to reasonable attorney's fees and costs and gave the parties an opportunity to agree on the amount of

---

[1]The court detailed the relevant facts and adopted the parties stipulated facts in its Memorandum Decision (Doc. 37).

attorney's fees and costs.  The parties have reached an agreement on costs, but disagree on attorney's fees.  Plaintiff requests $3389.25 in costs and $54,111. in attorney's fees.

**II.   ANALYSIS**

Section 1988(b) permits a court in its discretion to allow the "prevailing party" in a § 1983 action "reasonable" attorney's fees as part of costs.  Farrar v. Hobby, 506 U.S. 103, 109 (1992).  Plaintiff must show that she is a prevailing party in order to qualify under § 1988.  Id.  The parties do not contest that plaintiff, who won nominal damages, is a prevailing party under § 1988(b).

Additionally, plaintiff's fee request must be "reasonable." Lippoldt v. Cole, 468 F.3d 1204, 1222 (10th Cir. 2006).

> Where a plaintiff seeks compensatory damages but recovers only nominal damages, the plaintiff is a prevailing party, but the district court should determine, in its discretion, whether the "product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." (Citations omitted). The reasonable fee may be "no fee at all" where plaintiffs seek compensatory damages, but they recover only nominal damages. (Citations omitted). But " 'nominal relief does not necessarily a nominal victory make.' " Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1229 (10th Cir. 2001) (quoting Farrar, 506 U.S. at 121, 113 S.Ct. 566 (O'Connor, J., concurring)). "Plaintiff[s] can only obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it." (Citations omitted).
>
> To determine whether the plaintiff achieved technical success only, we apply three factors from Justice O'Connor's concurrence in Farrar: (1) the "difference between the amount recovered and the damages sought;" (2) the "significance of the legal issue on which the plaintiff claims to have prevailed;" and (3) the "accomplishment of some public goal other than occupying the time and energy of counsel, court, and client." Barber, 254 F.3d at 1229-30 (internal quotation marks omitted) (adopting factors from Farrar, 506 U.S. at 121-22, 113 S.Ct. 566 (O'Connor, J., concurring)); Brandau v. Kansas, 168 F.3d 1179, 1181-82 (10th Cir.

> 1999). We have interpreted "significance of the legal
> issue" as examining the "extent of success." (Citations
> omitted).

Lippoldt, 468 F.3d at 1222-23. The court's discretion to deny plaintiff, as the prevailing party, attorney's fees is limited. Phelps v. Hamilton, 120 F.3d 1126, 1131 (10th Cir. 1997) (recognizing that in the Tenth Circuit, a "district court's discretion to deny fees to a prevailing party is quite narrow[]").

### 1. **Farrar Factors**

The court will first consider the difference between the damages recovered and the damages sought. Plaintiff sought compensatory damages for humiliation and loss of reputation. At trial, plaintiff testified as to her own humiliation and reputation and also presented damage witnesses on loss of reputation. However, at no time did plaintiff request a specific dollar amount for damages and left it up to the court to decide what was reasonable.[2] The court found that plaintiff failed to prove any compensable injury and awarded no compensatory damages.[3] (Doc. 37).

Plaintiff contends that her primary goal was the vindication of her constitutional rights rather than the recovery of monetary damages. Plaintiff further contends that she did not request a specific amount because it is difficult to quantify damages for constitutional violations.

Both the United States Supreme Court and Tenth Circuit have held that "nominal damages, and not damages based on some undefinable value

---

[2] Plaintiff did not provide defendant with the amount of damages she was seeking.

[3] Plaintiff did not seek punitive damages.

of infringed rights, are the appropriate means of vindicating rights whose deprivation has not caused actual, provable injury." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n. 11 (1986) (internal quotation marks omitted); Lippoldt, 468 F.3d at 1221.  The value of a constitutional violation of plaintiff's rights, who has no provable injury, is nominal damages.  See Stachura, 477 U.S. at 310 (holding that the undefinable value of a constitutional violation is "not a permissible element of compensatory damages in such cases[]").  That is not to say that an award of nominal damages and declaratory relief is a minor victory and the court looks to the other Farrar factors to determine if attorney's fees are reasonable.  Lippoldt, 468 F.3d at 1223.

The court next considers the significance of the legal issue. The Tenth Circuit does not equate "significance" with "importance" of the legal issue.  Significance is measured by the extent of the success.  Lippoldt, 468 F.3d at 1223.

As noted supra, plaintiff stated that her primary goal was the vindication of her constitutional rights.  Defendant argues that plaintiff maintained for nine months that she was seeking actual damages but at no time did plaintiff state a specific amount that she was seeking, despite defendant's requests.  Even if the court found that plaintiff was injured, the court would not have awarded some arbitrary amount of actual damages absent any evidence.

The court finds that plaintiff's main goal was vindication of her constitutional rights.  Plaintiff achieved her goal and this factor weighs heavily in her favor.

The third Farrar factor focuses on whether the judgment serves

-4-

some public goal and "deters future lawless conduct as opposed to merely 'occupying the time and energy of counsel, court, and client.'" Phelps, 120 F.3d at 1132 (quoting Farrar, 506 U.S. at 121-22). The Tenth Circuit has adopted the more broader approach in determining whether a plaintiff's victory benefits a public goal. Barber, 254 F.3d at 1232. In Barber, the Tenth Circuit cited cases that found a public goal was served when a plaintiff's victory provides an incentive to attorneys to represent civil rights litigants or encourages government officials to scrupulously perform their constitutional duties. 254 F.3d at 1232. Notwithstanding adopting the broader approach, the third "factor should not be construed too liberally ... [in that] no important right [is] vindicated [if] it is not even clear what 'kind of lawless conduct ... might be prevented.'" Id. at 1233 (quoting Farrar, 506 U.S. at 122).

The declaratory judgment that plaintiff obtained did not hold a state statute unconstitutional. See, e.g., id. at 1132. Nor did it put a state or county on notice that it should educate its employees on constitutional rights. See, e.g., Brandau, 168 F.3d at 1182-83. Still, the court recognizes the importance of enforcing constitutional rights. Plaintiff's victory might be an incentive for attorneys to take similar civil rights cases; there is no way to know for sure.

On the issue of deterrence, the court concluded that Mayor Ford made a mistake. Mayor Ford assumed that Ms. Farnsworth was going to discuss the "social ills" of gambling and handled the situation in a manner that violated Ms. Farnsworth's constitutional rights. The violation could have easily been avoided if Mayor Ford would have

-5-

asked Ms. Farnsworth to wait five minutes until the comment section of the meeting. The proposal of building a casino remains controversial in Mulvane, Kansas. Clearly, Mayor Ford and other officials will be more aware of their actions should similar situations arise.

While the court's judgment in plaintiff's case does not declare some state statute or policy unconstitutional, it is clear what type of unconstitutional conduct should be avoided. Because vindication of plaintiff's rights accomplished a public goal, albeit small, the court finds that the third factor is in favor of plaintiff.

After considering the three factors the court finds that plaintiff's victory was not merely technical or <u>de</u> <u>minimus</u>. Plaintiff is entitled to attorney's fees. However, the court must still determine whether the amount requested is reasonable.

**2. Reasonable Fees**

The court commends counsel's actions in this case. The parties stipulated most of the facts and fine-tuned their claims. The parties' claims were not frivolous. While the court originally questioned whether summary judgment motions would be of any benefit, the parties' summary judgment briefs substituted as trial briefs. As such, the court cannot say that plaintiff's motion for summary judgment was a waste of time. The court also appreciates plaintiff's counsel Joel Oster's efforts in litigating this case in a manner to minimize attorney's fees.

Plaintiff initially sued Mayor Ford in his individual capacity. Plaintiff later dismissed Mayor Ford. At the February 1 hearing, Mr. Oster stated that he sued Mayor Ford because at the time plaintiff

-6-

filed her complaint, he did not know whether defendant would claim that Mayor Ford was not following defendant's policy. After discovery, Mr. Oster realized that Mayor Ford's rules and actions were defendant's official policy and the parties stipulated to this fact.

The court asked Mr. Oster why he did not simply ask defendant's counsel Mr. Millsap if Mayor Ford's rules were defendant's official policy. Mr. Oster stated that he wanted defendant's statements and position on record. Additionally, he did not want to reveal every aspect of his case before discovery and depositions were complete. Mr. Oster stated that the issues and his actions in litigating this case would have been the same if Mayor Ford never was a defendant.

The court agrees with Mr Oster that the majority of the issues and his actions would have remained the same without Mayor Ford as a defendant. Nevertheless, the law is clear that "[p]laintiff[s] can only obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it." Lippoldt, 468 F.3d at 1222. Plaintiff's original claim against Mayor Ford was not successful and the great majority of time and effort pursuing it could have been avoided by having a discussion with Mr. Millsap regarding defendant's position.

Plaintiff also requested a permanent injunction at the beginning of this case. However, plaintiff dropped her permanent injunction claim in the amended pretrial order. Mr. Oster stated that the Harrah's Casino proposal fell through and litigating the injunctive claim was no longer that important.

Mr. Oster's time charts (Doc.41-2) do not specify how many hours were spent on plaintiff's claims against Mayor Ford and on the request

-7-

for a permanent injunction.  Therefore, the court finds that 33 percent of Mr. Oster and his staff's time is a reasonable reflection of the time spent on plaintiff's unsuccessful claims, including the ultimately dropped claim of actual damages.  Mr. Oster's time of 187.4 hours is reduced to 125.6 hours.  Ms. Hacker's time of 2 hours is reduced to 1.3 hours.  The paralegals' time of 5.1 hours is reduced to 3.4 hours.

Next the court considers the work of four attorneys, two paralegals, and two assistants performed on plaintiff's case.

At the hearing, the court asked Mr. Oster what these people did. Mr. Oster stated that attorney Kevin Theriot is his supervisor who reviewed all the briefs that he wrote in this case.  Attorney Heather Hacker was originally assigned to this case before it was reassigned to Mr. Oster.  She did isolated research projects including the issue of free speech rights in public town hall meetings.  Attorney Jesse Paine was local counsel and assisted Mr. Oster in learning about the court, local rules, and damages.  Mr. Oster's paralegals and assistants put together evidence and filed briefs.

The court finds that the majority of the work done by Mr. Oster and his staff was necessary and contributed to plaintiff's success. However, the court finds that Mr. Theriot's work on plaintiff's case, i.e. reviewing Mr. Oster's briefs was not necessary for plaintiff's ultimate victory.  Moreover, a fee of $325 per hour to review another highly skilled attorney's briefs is plainly unreasonable.

Additionally, the court finds that it is unreasonable for defendant to pay attorney's fees for publicity relating to the trial. Mr. Oster spent approximately .30 hours (18 minutes) communicating via

e-mail on publicity and this time should be excluded from plaintiff's award of attorney's fees.

Mr. Payne assisted Mr. Oster in becoming familiar with the court and the local rules. Additionally, Mr. Payne assisted Mr. Oster with plaintiff's damage claim. The court agrees with plaintiff that Mr. Payne's time in this regard contributed to plaintiff's success. On the other hand, the court does not find that Mr. Payne's physical presence during trial was necessary and/or contributed to plaintiff's success. The trial took less than one day and Mr. Payne made no statements or questioned any witnesses. Mr. Oster is licensed to practice in both Kansas state and federal court. If he needed any assistance at trial, which the court doubts, he could have brought his own paralegal instead of another attorney with a higher hourly rate. As such, it is unreasonable for defendant to pay for Mr. Payne's appearance at plaintiff's trial.

Defendant contends that work performed by assistants and staff, who are not paralegals, is generally figured into the firm's operating expenses instead of being billed to the client. The court is not aware of local attorneys who bill for work performed by assistants. Nor does the court find it appropriate in this case. The hours billed for Mr. Oster's assistants should be excluded from the award of attorney's fees.

Because the court has found that Mr. Theriot's time, Mr. Oster's time on publicity, and Mr. Payne's time at trial did not lead to plaintiff's success, the court will exclude Mr. Theriot's time, .3 hours of Mr. Oster's time, and 5.8 hours of Mr. Payne's time. Additionally, the court will exclude the two assistants' time.

Not only does the work performed on plaintiff's case have to be reasonable, but so too must be the hourly rate.  The court considers the prevailing market rate for similar services in the Wichita area. See Lippoldt, 468 F.3d at 1224.  "Plaintiff[] must provide evidence of the prevailing market rate for similar services by 'lawyers of reasonably comparable skill, experience, and reputation'...." Id. at 1224-45.

Plaintiff attached affidavits from Mr. Oster and attorney Craig Schultz as evidence of the prevailing market rate in the Wichita area for attorneys with similar experience who litigate constitutional and other significant legal issues.  (Docs. 41-1, 41-4).  Messrs. Oster's and Payne's hourly rates are $250 and $175, respectively.

Defendant cites Lippoldt and the Kansas Bar Association's article on The Economics of Law Practice in Kansas in 2005 (Docs. 42-2, 42-5, 42-6) as evidence for its proposition that Messrs. Oster's and Payne's hourly rates are higher than the prevailing market rate of attorneys with similar experience in Wichita.  Defendant proposes that an attorney with Mr. Oster's years of experience has an hourly rate of $165 and an attorney with Mr. Payne's years of experience has an hourly rate of $135.  Legal assistants have an hourly rate of $80.

The court finds that plaintiff's proposed hourly rates for Messrs. Oster and Payne are a too high for the Wichita area, but defendant's proposed rates are slightly low.  A reasonable hourly rate for an attorney with similar experience and reputation as Mr. Oster is $175.  A reasonable hourly rate for an attorney with similar experience as Ms. Hacker and Mr. Payne is $145 and $135, respectively. The court agrees with defendant that the prevailing market rate for

paralegals in Wichita is $80 per hour as opposed to $105 per hour.

The remaining hours at a reasonable rate are as follows:

1. Mr. Oster at $175 per hour for 125.3 hours equals $21,927.50.
2. Ms. Hacker at $145 per hour for 1.3 hours equals $188.50.
3. Mr. Payne at $135 per hour for 6.3 hours equals $850.50.
4. Two paralegals at $80 per hour for 3.4 hours equals $272.00.

In sum, the court finds that plaintiff is entitled to $23,238.50 in attorney's fees.

Plaintiff also requests interest to compensate for the time lag between trial and the award of attorney's fees. The court finds that interest is not appropriate in this case. The court ordered the parties to agree on attorney's fees and costs. The parties attempted in good faith to reach an agreement as to attorney's fees and after two extensions, no agreement was reached. Neither party is to blame and plaintiff's request is denied.

### III. CONCLUSION

Plaintiff's motion for attorney's fees (Doc. 40) is granted in part and denied in part. The court finds that $23,238.50 in attorney's fees and $3389.25 in costs is reasonable. Plaintiff is awarded $26,627.75. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this  5th  day of February 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE